**CITY OF MIAMI v. JESS, et al.**
Nos. 7478 and 7479.
Circuit Court, Dade County, Criminal Appeal.
March 8 and May 1, 1972.

Bishop C. Hollifield, Miami, for the appellants.

S. R. Sterbenz, Assistant City Attorney, for the appellee.

JOSEPH NESBITT, Circuit Judge.

*Judgment on appeal, March 8, 1972:* Appeal No. 7478 involves Miami Municipal Court convictions against William H. Smith, as follows —

| Docket No. | Statute or Code Section | Charge |
|---|---|---|
| 70-19226 | F.S. 784.03, Code Sec. 38-50 | Assault and battery against Armando M. Monaco |
| 70-19227 | F.S. 784.03, Code Sec. 38-50 | Assault and battery against Charles Ellis Thrower |
| 70-19228 | F.S. 231-07, Code Sec. 38-50 | Interrupting orderly conduct of school |

Appeal No. 7479 involves Miami Municipal Court convictions against Bennie Jess, as follows —

| Docket No. | Statute or Code Section | Charge |
|---|---|---|
| 70-19715 | F.S. 784.03, Code Sec. 38-50 | Assault and battery against Charles Ellis Thrower |
| 70-19716 | F.S. 231.07, Code Sec. 38-50 | Interrupting orderly conduct of school |

It is the opinion of the court that all the above charges except those relating to F.S. 231.07 should be affirmed.

As to the F.S. 231.07 charges, it is the opinion of the court that the legislative intent of F.S. 231.07 is to remove from the ban of the statute those pupils subject to the discipline of some school, and it appearing that the appellants were subject to the discipline of Jackson High School relative to the matters involved in these cases, the convictions for violations of F.S. 231.07 (Miami Code Sec. 38-50) should be reversed.

As far as the supplementary memorandum raising Tate v. Short, 1971, 401 U. S. 395, 28 L.Ed.2d 130, 91 S. Ct. 668, and related issues as to the legality of the sentences imposed below is concerned,

it is the opinion of this court that even though we can assume arguendo that the defendants are indigent the alternative sentences imposed because of inability to pay fines are legal in that the Tate v. Short doctrine does not apply in the instant case.

Accordingly, it is ordered and adjudged that the judgment of the Miami Municipal Court as to docket case numbers 70-19226, 70-19227 and 70-19715 is affirmed, and as to docket case numbers 70-19228 and 70-19716 the judgment is reversed.

*Order denying petition for rehearing, May 1, 1972:* Both sides to these appeals have petitioned for a rehearing.

It occurs to the court that an explanation as to the reason the court has decided that the United States Supreme Court case of Tate v. Short, supra, is to be construed in favor of the appellee, City of Miami, in these appeals would be beneficial to the parties for the purpose of providing a written elucidation of the reasoning of the court and in connection with any further proceedings, appellate, trial court, or otherwise that might be taken in the premises.

The *Tate* case holds that the United States Constitution prohibits the imposition of a fine as a sentence and the automatic conversion of same into a jail term solely because the defendant is indigent and cannot forthwith pay the fine in full.

Later in the *Tate* case, however, the court draws attention to the fact that an indigent is not immune from being fined and even imprisoned for the nonpayment of the fine under procedures which, for example, would afford the indigent some reasonable way to actually pay the fine — paying fines in installments is a method thus emphasized. The court said, starting at 28 L.Ed.2d 130, p. 134 —

> There are, however, other alternatives to which the State may constitutionally resort to serve its concededly valid interest in enforcing payment of fines. We repeat our observation in Williams in that regard, 399 U.S., at 244-245, 26 L.Ed.2d at 595 [footnotes omitted] —
>
>> "The State is not powerless to enforce judgments against those financially unable to pay a fine; indeed, a different result would amount to inverse discrimination since it would enable an indigent to avoid both the fine and imprisonment for nonpayment whereas other defendants must always suffer one or the other conviction.
>>
>> "It is unnecessary for us to canvass the numerous alternatives to which the State by legislative enactment — or

judges within the scope of their authority — may resort in order to avoid imprisoning an indigent beyond the statutory maximum for involuntary nonpayment of a fine or court costs. Appellant has suggested several plans, some of which are already utilized in some States, while others resemble those proposed by various studies. The State is free to choose from among the variety of solutions already proposed and, of course, it may devise new ones."

We emphasize that our holding today does not suggest any constitutional infirmity in imprisonment of a defendent with the means to pay a fine who refuses or neglects to do so. Nor is our decision to be understood as precluding imprisonment as an enforcement method when alternative means are unsuccessful despite the defendant's reasonable efforts to satisfy the fines by those means; the determination of the constitutionality of imprisonment in that circumstance must await the presentation of a concrete case.

Here, each appellant was given a sentence of imprisonment *and* was fined — with the imposition of an alternative sentence of imprisonment upon the non-payment of the fine — *however,* by special order of the court the appellants were allowed to serve their sentences on weekends. Each appellant had at least twenty-five days of pure imprisonment time to serve before reaching the time the fine-alternative-imprisonment sentence commenced, or, stating this in another way a minimum of twelve weekends would pass before there would be imprisonment for the non-payment of the fine. This, then, is *not* imprisonment for the non-payment of a fine as envisioned in the *Tate* case. The *Tate* case envisions a situation where there is imprisonment because a defendant has not *forthwith* paid his fine. Here, the apellants are given a minimum of twelve weeks to pay the fine portions of their sentences.

The *Tate* case clearly states that it is *not* to be understood to mean imprisonment cannot be imposed "as an enforcement method when alternative means are unsuccessful despite the defendant's reasonable efforts to satisfy the fines by those means".

The appellee, city of Miami, has also filed a petition for a rehearing. The court, in its March 8, 1972, "judgment on appeal" has indicated the basis for its ruling as to the facet of these appeals treated in the city's petition.

Accordingly, it is ordered and adjudged that the petition for rehearing filed by the appellants and the petition for rehearing filed by the appellee be and they are hereby denied.